# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JONATHAN SMITH-EL, )
)
     Plaintiff, )
)
v. ) No. 4:16CV1743 JAR
)
A CONSTRUCTION COMPANY, et al., )
)
     Defendants. )

## MEMORANDUM AND ORDER

Before the Court are plaintiff's post-dismissal motion for copies and his motion, and supplement, for "rehearing." [Doc. #7, #9 and #10]

### Background

Plaintiff filed his complaint in this action pursuant to 42 U.S.C. § 1983 on November 8, 2016. Plaintiff's complaint in this action was filed following the dismissal of a similar action in this Court. *See Smith v. State of Missouri*, No. 2:15CV32 JMB (E.D.Mo. 2015). In his prior action, plaintiff was denied a motion to reopen and/or amend his complaint on November 2, 2015. *Id.*

Like his 2015 action, in this action, plaintiff's complaint contains a myriad of claims against many different defendants. Plaintiff asserts that he was subjected to false arrest, false imprisonment, slander, unlawful conviction, malicious prosecution, deliberate indifference to his medical needs (relating to fainting), various due process violations, failure to protect and numerous claims challenging his conviction which are not cognizable in a § 1983 action. Plaintiff also asserts that he was not lawfully given a chance to prosecute his 2015 action in this

Court when the Eighth Circuit gave him a "strike" pursuant to 28 U.S.C. § 1915(g) during the course of an interlocutory appeal in that action.

Because plaintiff had filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim, the Court dismissed this action pursuant to 28 U.S.C. § 1915(g).[1]

The Court construes plaintiff's motion for "rehearing," and his supplemental motion, as a motion for reconsideration of the dismissal. [Doc. #9 and #10] Plaintiff's motion for copies relates to plaintiff's failure to follow the Court's Local Rule 2.17 relating to redaction of personal identifiers, causing an attachment to his complaint to be filed under seal. [Doc. #7]

## Discussion

### A. Plaintiff's Request for Copies

The Court will first address plaintiff's contentions relating to his motion for copies. [Doc. #7] In his motion relating to his request for copies, plaintiff first seeks clarification as to why his three-hundred seventy-three (373) pages of attachments to his complaint have been filed under seal. [#2]

The attachments contain medical records, plaintiff's date of birth and social security number. Local Rule 2.17 requires redaction of personal data such as social security numbers, birth dates and other personal identifiers. Local Rule 2.17(B) specifically requires, in addition to a redacted filing, having a plaintiff file under seal, either an unredacted copy of the documents or a reference sheet containing a key to the redacted personal identifiers.

Because plaintiff's attachments to his complaint are so long, almost four-hundred (400) pages, the Court will not require him to file both a redacted copy and an unredacted copy of his

---

[1] *Smith-EL v. Bowersox*, 03-3457-CV-S-RED-P (W.D. Mo. 2004); *Smith v. Lhotka*, 4:97CV1940 (E.D.Mo. 1997); and *Smith v. State of Missouri*, No. 15-2388 (8th Cir. December 29, 2015).

attachment. Nonetheless, it will require him, in keeping with the Local Rule, to file the unredacted copy of the attachment under seal in order to maintain the personal privacy of plaintiff's personal identifiers and other medical information. This should clarify why Docket No. 2 is required to be filed under seal in this case.

In his motion for copies, plaintiff appears to seek copies of several pages of his sealed attachment. The Court does not provide free copies of documents, even if those documents were filed by the parties themselves. All litigants are expected to keep a copy of their documents prior to filing a copy with this Court. If they fail to do so, the Clerk's Office will make copies of documents for the litigant at the rate of fifty cents (50¢) per page, prepaid.

To the extent plaintiff wishes to visit the Clerk's office and view the documents himself at the front counter, he may have permission from this Court to do so. But to the extent he is seeking free copies of such documents; his request will be denied without prejudice.

**B. Plaintiff's Motion for Rehearing**

In his motion for rehearing, or reconsideration of the dismissal of this action, plaintiff rehashes his original assertions in his complaint. He claims that this Court should overturn his original criminal action, from February of 2012, because he was subject to malicious prosecution. Furthermore, he feels that he has been the subject of a conspiracy from government officials since his incarceration, because he believes he has not received a fair hearing from either the state or federal government on his original criminal charges.

Plaintiff believes that several state actors have engaged in a conspiracy to violate his rights during his arrest, imprisonment and prosecution, and he would like this Court to grant him a "certificate of innocence" under the law to allow for money damages on his behalf. Plaintiff also

disagrees with the judicial background in this action, wherein he was assessed a "strike" by the Eighth Circuit for his litigation history.

The Court will deny plaintiff's request to reopen this action and for an award of innocence in his 2012 state criminal action. This action is a closed action, and because plaintiff is in custody and has three strikes, pursuant to 28 U.S.C. § 1915(g), he is barred from proceeding in forma pauperis in this action and he cannot sustain a new case in this Court without paying the full filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for copies [Doc. #7] is **DENIED IN PART AND GRANTED IN PART**. Plaintiff may review, in person at the Federal District Court for the Eastern District of Missouri, the attachments to his complaint [Doc. #2] currently filed under seal. If he wishes to make copies of Docket No. 2 he must pay for copies out of his own funds.

**IT IS FURTHER ORDERED** that plaintiff's motion for rehearing and his supplemental motion [Doc. #9 and #10] are **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of these orders would not be taken in good faith.

**IT IS FURTHER ORDERED** that plaintiff **may not file any additional motions in this CLOSED CASE**.

Dated this 28th day of November, 2016.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4